UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LARRY S. HYMAN, as Chapter 7
Trustee of the Estate of Orlando
Abner Stone,

    Plaintiff,

v.       CASE No. 8:12-CV-1088-T-23TGW

BORACK & ASSOCIATES, P.A.,
*et al.*,

    Defendants.

## REPORT AND RECOMMENDATION

Former defendant Borack Law Group seeks Rule 11 sanctions against the plaintiff, alleging that he "did not have a good faith basis to bring this suit" against it (Doc. 25, p. 2). Because Borack Law Group failed to comply with the safe harbor provision of Rule 11, F.R.Civ.P., and did not establish that the plaintiff's conduct violates Rule 11, I recommend that the defendant's Motion for Sanctions Pursuant to F.R.C.P. Rule 11 (Doc. 25) be denied.

I.

On May 16, 2012, the plaintiff filed this lawsuit against defendants Borack & Associates, P.A. ("B&A") and The Borack Law Group, P.A. ("BLG"), alleging that they were debt collectors who violated federal and Florida debt collection statutes in connection with attempts to collect a debt owed by Orlando Stone (Doc. 1).[1] The signature of attorney David E. Borack, the principal attorney and sole owner of BLG and B&A (Docs. 11, 13, 20), appears on documents in connection with these collection efforts (see Doc. 1, Ex. 2).

Defendant BLG responded by filing a Motion to Dismiss, alleging that it is not a proper party to the lawsuit because BLG is not a debt collector and that the plaintiff "cannot provide evidence of any contact between the Debtor and BLG" (Doc. 4, p. 1) (emphasis in original). The court denied the motion to dismiss, explaining that dismissal based on a general denial is impermissible (Doc. 9).

---

[1] Atlantic Credit and Finance, Inc., which was represented by attorney Borack, filed a debt collection case against Stone that was dismissed (Doc. 28-1; Doc. 28-2). The plaintiff alleges that, months after the case was dismissed, Borack sent Stone papers indicating that Borack had been instructed by an unnamed judge in that case to submit a proposed default judgment against Stone (Doc. 28, p. 2; see Doc. 28-3).

When BLG filed its Motion to Dismiss, it also served upon the plaintiff a Motion for Rule 11 Sanctions and Offers of Judgment (see Doc. 5). The Motion for Rule 11 Sanctions was based on the plaintiff's inclusion of BLG as a defendant in this case ("the first sanctions motion") (Doc. 25-2). The first sanctions motion was, with the exception of the title and relief requested, essentially a duplicate of BLG's Motion to Dismiss (see id.).

On September 11, 2012, the court entered a case management Order (Doc. 17), thereby permitting discovery to commence. The following month, the plaintiff filed a Motion to Voluntarily Dismiss Defendant BLG (Doc. 20), stating that it had received sworn interrogatories which establish that BLG is not a proper party to this lawsuit.

In this connection, plaintiff's counsel stated that it named BLG as a defendant in this lawsuit because it believed that BLG was the successor corporation to B&A (see Doc. 28-4), which was indisputably involved in attempts to collect debts from Stone (see Doc. 28-3, pp. 1-2). Thus, counsel explained that, while preparing documents to execute service of process on B&A, he learned that B&A was a dissolved corporation (Doc. 28-4, ¶4). Additional research revealed that attorney Borack, who was the principal

attorney of B&A, was also the principal attorney of BLG, which was providing legal services at B&A's last address (id., ¶5).

Plaintiff's counsel stated further that he had offered several times to dismiss BLG as a party upon receipt of an affidavit showing that BLG was not involved in this matter, but defense counsel refused to provide such evidence (Doc. 20, pp. 2-4; see Docs. 28-7, 28-8, 28-10, 28-11). The plaintiff received that evidence when BLG was compelled to respond to discovery requests (Doc. 20, pp. 1-2).

The court dismissed BLG as a party from this lawsuit, subject to the right of BLG to file a timely motion for fees or costs or other relief permitted by law (Doc. 23). BLG subsequently filed a Motion for Entitlement to Attorney Fees and Costs (Doc. 24) and a Motion for Sanctions Pursuant to F.R.C.P. Rule 11 (Doc. 25). The motions were referred to me for a report and recommendation (Doc. 26).[2]

The Motion for Sanctions pursuant to Rule 11, F.R.Civ.P., is premised on the plaintiff's erroneous inclusion of BLG as a defendant in this

---

[2] The Motion for Entitlement to Attorney Fees and Costs (Doc. 24) was denied without prejudice for failure to comply with this court's Local Rules (Doc. 27).

case ("the second sanctions motion") (Doc. 25, p. 2, ¶16). Thus, BLG argues there was not a "scintilla of evidence to establish that there was any basis to file the suit" against it (id.). The plaintiff has filed a memorandum in opposition to the motion, arguing that BLG failed to comply with Rule 11's "safe harbor" provision, and that the motion is substantively meritless because the plaintiff raised a factual issue regarding BLG's liability as a successor corporation to B&A (Doc. 28).

II.

Rule 11(b), F.R.Civ.P., provides in pertinent part that an attorney, when presenting a pleading to the court, is certifying that after a reasonable inquiry and to the best of his knowledge, information, and belief,

> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery ...

A motion for sanctions under Rule 11, F.R.Civ.P., is "serious[]." Advisory Committee Notes to Rule 11, 1993 Amendments, p. 89. Consequently, when Rule 11 sanctions are initiated by motion, the moving party must serve a copy of the motion upon the opposing party at least

twenty-one days before filing the motion with the court. Rule 11(c)(2), F.R.Civ.P. This "safe-harbor" permits the opposing party to withdraw or appropriately correct the pertinent papers, thereby avoiding court-imposed sanctions. See Advisory Committee Notes to Rule 11, 1993 Amendments, p. 89. If, however, the opposing party does not withdraw or otherwise correct the challenged papers, and the court finds that Rule 11 has been violated, the court may impose sanctions upon the attorneys, law firms, or parties that are responsible for the violation. Rule 11(c)(1), F.R.Civ.P.

### III.

The plaintiff contends that BLG did not comply with the safe harbor provision (Doc. 28). Specifically, the plaintiff argues that the "FRCP Rule 11 Motion for Sanctions" that was served upon him in July 2012 (Doc. 25, pp. 5-6) is not the same sanctions motion that was filed with the court. As the plaintiff explains, the motion for sanctions filed with the court is twice the page length, and asserts new contentions and arguments (Doc. 28, p. 5).

BLG's failure to serve the plaintiff during the safe harbor period with the same motion for sanctions that it filed with the court violates Rule 11(c)(2), F.R.Civ.P. That rule provides: "The motion must be served under

Rule 5, but it must not be filed or be presented to the court if the challenged ... contention ... is withdrawn or appropriately corrected within 21 days after service ..." (emphasis added). Thus, the plain language of Rule 11 provides that the movant must file with the court after the expiration of the safe harbor period the motion that was served upon the adversary. See also Roth v. Green, 466 F.3d 1179, 1192 (10th Cir. 2006), cert. denied, 552 U.S. 814 (2007)("[t]he plain language of subsection (c)(1)(A) requires a copy of the actual motion for sanctions to be served on the person(s) accused of sanctionable behavior at least twenty-one days prior to the filing of that motion"); Robinson v. Alutiq-Mele, LLC, 643 F.Supp.2d 1342, 1350-51 (S.D. Fla. 2009)("By its plain language, Rule 11 requires a movant to file and serve the same sanctions motion."); O'Connell v. Smith, 2008 WL 477875 at *2 (D. Ariz.) (unpub. dec.) (rejecting the contention that service of a "draft" motion for sanctions satisfies the safe harbor provision of Rule 11); Wells Fargo Home Mortgage, Inc. v. Taylor, 2004 WL 1771607 (E.D. La.) (unpub. dec.) (a draft of a different motion for sanctions "is not sufficient to fulfill the Rule 11 requirements").

As the O'Connell decision discussed, "[t]he requirement that the actual motion be served was deliberately imposed ... to ensure that the moving party understands the seriousness of [the] motion and [that it] will define precisely the conduct claimed to violate the rule." O'Connell v. Smith, supra, 2008 WL 477875 at *2. Therefore, BLG's failure to serve a copy of the actual motion for sanctions upon the plaintiff at least 21 days prior to its filing with the court warrants denial of the motion. See In re Miller, 414 Fed. Appx. 214, 218 n. 4 (11th Cir. 2011) (the failure to give plaintiff the twenty-one day safe harbor period forecloses Rule 11 sanctions); Roth v. Green, supra, 466 F.3d at 1192; Radcliffe v. Rainbow Const. Co., 254 F.3d 772, 789 (9th Cir. 2001), cert. denied, 534 U.S. 1070 (2001)(advance warning does not cure the failure to comply with the strict procedural requirement of Rule 11(c)(1)(A)).

Notably, the failure to comply with the safe harbor provision in this case was not a mere technicality. Thus, the bare-bones conclusory motion for sanctions served upon the plaintiff in July is less than one page long, and does not come close to developing adequately the contention that Rule 11 sanctions are warranted. Further, the motion does not even include a memorandum of law, in violation of Local Rule 3.01(a). See Truesdell v.

<u>Southern California Permanente Medical Group</u>, 293 F.3d 1146, 1151 (9th Cir. 2002)(the movant must serve the offending party with a "filing-ready" motion for sanctions). Rather, as indicated, BLG's first motion for sanctions was essentially a "cut-and-paste" of its Motion to Dismiss, which was denied. Clearly, if the motion was insufficient to warrant BLG's dismissal from the case, it certainly does not justify the imposition of Rule 11 sanctions against the plaintiff for including BLG in the lawsuit. In sum, the first motion for sanctions did not adequately apprise the plaintiff of the basis for, nor warrant the imposition of, sanctions pursuant to Rule 11, F.R.Civ.P.

Moreover, BLG's second sanctions motion which it served upon the court (Doc. 25, pp. 1-4) also fails to show that the plaintiff's inclusion of BLG as a defendant in this case warrants the imposition of Rule 11 sanctions. Pursuant to Rule 11, F.R.Civ.P., sanctions may be imposed when a party submits a pleading to the court that: (1) has no reasonable factual basis, (2) is not legally tenable, or (3) is submitted in bad faith for an improper purpose. <u>Riccard</u> v. <u>Prudential Ins. Company</u>, 307 F.3d 1277, 1294 (11th Cir. 2002). The imposition of Rule 11 sanctions is a severe measure that is not warranted when a party's evidence to support a claim is "merely weak." <u>Id</u>.

BLG argues in a conclusory manner that the plaintiff had no factual basis for including it as a defendant in this lawsuit (Doc. 25, ¶16). However, the plaintiff did articulate facts underlying his belief that BLG was the successor to B&A. Specifically, plaintiff's counsel stated that, when he researched B&A through Florida's Division of Corporations website to effect service, he learned that B&A was dissolved the previous September, and that BLG had been providing legal services from the same location with the same principal attorney (Doc. 28, p. 3; Doc. 28-4). Thus, the plaintiff's successor liability contention was not factually groundless. See Davis v. Carl, 906 F.2d 533, 538 (11th Cir. 1990)("As we see it, Rule 11 is intended to deter claims with no factual or legal basis at all..."). BLG did not address in its sanctions motion this successor liability contention, or present any legal authority suggesting that the plaintiff's inclusion of BLG as a defendant, even if erroneous, warrants Rule 11 sanctions. See Riccard v. Prudential Ins. Company, supra, 307 F.3d at 1294 (the imposition of Rule 11 sanctions is not warranted when a party's evidence to support a claim is "merely weak"); Donaldson v. Clark, 819 F.2d 1551, 1556 (11th Cir. 1987)(Courts should "avoid using the wisdom of hindsight" and "test the signer's conduct by

inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted.").[3]

Further undermining the propriety of Rule 11 sanctions is the fact that the plaintiff attempted repeatedly to resolve this issue with defense counsel. Thus, the plaintiff informed defense counsel several times that he would dismiss BLG from the complaint if the defendant would provide an affidavit substantiating BLG's lack of involvement (see Docs. 28, 28-7, 28-8, 28-10, 28-11). BLG refused to give the plaintiff this information, which it could have easily provided, and instead adopted a recalcitrant attitude. Furthermore, the plaintiff promptly dismissed BLG as a defendant after receiving sworn discovery responses which showed that BLG was not a proper party. Therefore, there is no probative evidence upon which to conclude that the plaintiff intended to harass or needlessly increase the costs of the litigation. If anything, BLG contributed to any multiplication of

---

[3] The plaintiff states in his response that B&A was reinstated as an active corporation on July 17, 2012 (see Doc. 28-5). That reinstatement occurred after the first motion for sanctions was served on the plaintiff (see Doc. 25, p. 6). Furthermore, it is unknown when the plaintiff learned that B&A was reinstated as a corporation.

Regardless, the basis of BLG's motion for sanctions is that the "[p]laintiff did not have a good faith basis to bring the suit against BLG in the first place" (id., p. 2, ¶16). Accordingly, the pertinent inquiry concerns what the plaintiff knew at the outset of the litigation.

proceedings by refusing to provide the requested evidence until it was mandated to do so in discovery.

IV.

For the foregoing reasons, I recommend that the defendant's Motion for Sanctions Pursuant to F.R.C.P. Rule 11 (Doc. 25) be denied.[4]

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: DECEMBER 14, 2012

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date

---

[4] On the last page of the plaintiff's response to BLG's Motion for Sanctions, the plaintiff requests that the court impose sanctions against BLG for the filing of a baseless Rule 11 motion (Doc. 28, p. 12). The plaintiff does not develop meaningfully the argument that sanctions against BLG are warranted. Therefore, the plaintiff's request for sanctions against BLG is properly deemed abandoned.

of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).